MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CRISTAL MARMOL HERNANDEZ,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff*,

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

POLLO SABROSO RESTAURANT CORP
(D/B/A POLLO SABROSO), MAXIMO
SANTIAGO , and MAGALIS DIAZ ,

**ECF Case**

*Defendants.*
-------------------------------------------------------X

  Plaintiff Cristal Marmol Hernandez ("Plaintiff Marmol" or "Ms. Marmol"), individually

and on behalf of others similarly situated, by and through her attorneys, Michael Faillace &

Associates, P.C., upon her knowledge and belief, and as against Pollo Sabroso Restaurant Corp

(d/b/a Pollo Sabroso), ("Defendant Corporation"), Maximo Santiago and Magalis Diaz,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

  1. Plaintiff Marmol is a former employee of Defendants Pollo Sabroso Restaurant Corp

(d/b/a Pollo Sabroso), Maximo Santiago, and Magalis Diaz.

  2.  Defendants own, operate, or control a Dominican Restaurant, located  at 216 E 198th

Street, Bronx, New York 10458 under the name "Pollo Sabroso".

3.     Upon information and belief, individual Defendants Maximo Santiago and Magalis Diaz, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Marmol was employed as a waitress at the restaurant located at 216 E 198th Street, Bronx, New York 10458.

5.     Plaintiff Marmol was ostensibly employed as a waitress. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to placing orders, answering the phone, packing up food orders, working at the cashier, making sandwiches, removing chicken from the rotisserie machine, washing dishes and utensils, cutting vegetables and making juices (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Marmol worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Marmol appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

8.     Defendants employed and accounted for Plaintiff Marmol as a waitress in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.     Regardless, at all relevant times, Defendants paid Plaintiff Marmol at a rate that was lower than the required tip-credit rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Marmol's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Marmol's actual duties in payroll records by designating her as a a waitress instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Marmol at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still  failed to do).

12.     Defendants' conduct extended beyond Plaintiff Marmol to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marmol and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Marmol now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff Marmol seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Marmol's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Dominican Restaurant located in this district. Further, Plaintiff Marmol was employed by Defendants in this district.

## PARTIES

### Plaintiff

18.     Plaintiff Cristal Marmol Hernandez ("Plaintiff Marmol" or "Ms. Marmol") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Marmol was employed by Defendants at Pollo Sabroso from approximately March 30, 2019 until on or about February 26, 2020.

20.     Plaintiff Marmol consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

21.     At all relevant times, Defendants owned, operated, or controlled a Dominican Restaurant, located at 216 E 198th Street, Bronx, New York 10458 under the name "Pollo Sabroso".

22.     Upon information and belief, Pollo Sabroso Restaurant Corp (d/b/a Pollo Sabroso) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 216 E 198th Street, Bronx, New York 10458.

23.     Defendant Maximo Santiago is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Maximo Santiago is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Maximo Santiago possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Marmol, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Magalis Diaz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Magalis Diaz is sued individually in her capacity as a manager of Defendant Corporation. Defendant Magalis Diaz possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Marmol, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate a Dominican Restaurant located in the Fordham Manor section of the Bronx in New York City.

26.     Individual Defendants, Maximo Santiago and Magalis Diaz, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Marmol's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Marmol, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Marmol (and all similarly situated employees) and are Plaintiff Marmol's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Marmol and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant Maximo Santiago operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Marmol's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Marmol, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Marmol's services.

33.     In each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Marmol is a former employee of Defendants who ostensibly was employed as a waitress. However, she spent over 20% of each shift performing the non-tipped duties described above.

36.     Plaintiff Marmol seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Cristal Marmol Hernandez*

37.     Plaintiff Marmol was employed by Defendants from approximately March 30, 2019 until on or about February 26, 2020.

38.     Defendants ostensibly employed Plaintiff Marmol as a waitress.

39.     However, Plaintiff Marmol was also required to spend a significant portion of her work day performing the non-tipped duties described above.

40.     Although Plaintiff Marmol ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

41.     Plaintiff Marmol regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Marmol's work duties required neither discretion nor independent judgment.

43.     Throughout her employment with Defendants, Plaintiff Marmol regularly worked in excess of 40 hours per week.

44.     From approximately March 30, 2019 until on or about February 26, 2020, Plaintiff Marmol worked from approximately 12:00 p.m. until on or about 10:00 p.m., Mondays and Tuesdays, from approximately 8:00 a.m. until on or about 3:30 p.m., Fridays and Saturdays, from approximately 3:00 p.m. until on or about 10:00 p.m., on Sundays, and from approximately 8:00 a.m. until on or about 3:00 p.m or from approximately 3:00 p.m. until on or about 10:00 p.m., on Wednesdays or Thursdays one week a month (typically 41 to 49 hours per week).

45.     Throughout her employment, Defendants paid Plaintiff Marmol her wages in cash.

46.    From approximately March 30, 2019 until on or about February 26, 2020, Defendants paid Plaintiff Marmol a fixed salary of $300 per week.

47.    Plaintiff Marmol's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

48.    For example, Defendants required Plaintiff Marmol to work an additional 30 minutes past her scheduled departure time two days a week, and did not pay her for the additional time she worked.

49.    Defendants never granted Plaintiff Marmol any breaks or meal periods of any kind.

50.    Plaintiff Marmol was never notified by Defendants that her tips were being included as an offset for wages.

51.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Marmol's wages.

52.    Plaintiff Marmol was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

53.    Defendants took improper and illegal deductions from Plaintiff Marmol's wages; specifically, Defendants deducted $50.00 dollars on one occasion from Plaintiff Marmol's weekly wages for money missing from the cashier.

54.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Marmol regarding overtime and wages under the FLSA and NYLL.

55.    Defendants did not provide Plaintiff Marmol an accurate statement of wages, as required by NYLL 195(3).

56.     Defendants did not give any notice to Plaintiff Marmol, in English and in Spanish (Plaintiff Marmol's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marmol (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

58.     Plaintiff Marmol was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

59.     Defendants' pay practices resulted in Plaintiff Marmol not receiving payment for all her hours worked, and resulted in Plaintiff Marmol's effective rate of pay falling below the required minimum wage rate.

60.     Defendants habitually required Plaintiff Marmol to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

61.     Defendants required Plaintiff Marmol and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

62.     Plaintiff Marmol and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

63.     Plaintiff Marmol's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

64.      Plaintiff Marmol and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

65.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Marmol's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

66.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67.     In violation of federal and state law as codified above, Defendants classified  Plaintiff Marmol and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

68.     Defendants failed to inform Plaintiff Marmol who received tips that Defendants intended to take a deduction against Plaintiff Marmol's earned wages for tip income, as required by the NYLL before any deduction may be taken.

69.     Defendants failed to inform Plaintiff Marmol who received tips, that her tips were being credited towards the payment of the minimum wage.

70.     Defendants failed to maintain a record of tips earned by Plaintiff Marmol who worked as a waitress for the tips she received.

71.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

72.     Defendants paid Plaintiff Marmol her wages in cash.

73.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Marmol (and similarly situated individuals) worked, and to avoid paying Plaintiff Marmol properly for her full hours worked.

75.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Marmol and other similarly situated former workers.

77.     Defendants failed to provide Plaintiff  Marmol and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.      Defendants failed to provide Plaintiff Marmol and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.      Plaintiff Marmol brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

80.      At all relevant times, Plaintiff Marmol and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

81.     The claims of Plaintiff Marmol stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

82.     Plaintiff Marmol repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Marmol's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Marmol (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

86.     Defendants failed to pay Plaintiff Marmol (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.     Defendants' failure to pay Plaintiff Marmol (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Marmol (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

89.     Plaintiff Marmol repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Marmol (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiff Marmol (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff Marmol (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

93.      Plaintiff Marmol repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiff Marmol's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Marmol, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

95.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Marmol less than the minimum wage.

96.     Defendants' failure to pay Plaintiff Marmol the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Marmol was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

98.     Plaintiff Marmol repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Marmol  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.     Defendants' failure to pay Plaintiff Marmol overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

101.     Plaintiff Marmol was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

102.     Plaintiff Marmol repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants failed to provide Plaintiff Marmol with a written notice, in English and in Spanish (Plaintiff Marmol's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

104.     Defendants are liable to Plaintiff Marmol in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

105.      Plaintiff Marmol repeats and realleges all paragraphs above as though fully set forth herein.

106.     With each payment of wages, Defendants failed to provide Plaintiff Marmol with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

107.     Defendants are liable to Plaintiff Marmol in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

108.     Plaintiff Marmol repeats and realleges all paragraphs above as though set forth fully

herein.

109.    At all relevant times, Defendants were Plaintiff Marmol's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

110.    Defendants made unlawful deductions from Plaintiff Marmol's wages; specifically, Defendants deducted $50.00 dollars on one occasion from Plaintiff Marmol's weekly wages for money missing from the cashier.

111.    The deductions made from Plaintiff Marmol's wages were not authorized or required by law.

112.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Marmol's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

113.    Plaintiff Marmol was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marmol respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Marmol and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Marmol and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Marmol's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Marmol and the FLSA Class members;

(f)     Awarding Plaintiff Marmol and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Marmol and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Marmol;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Marmol;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Marmol's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Marmol;

(l)     Awarding Plaintiff Marmol damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Marmol damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Marmol liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Marmol and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Marmol and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff Marmol demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 1, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 4, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Cristal Marmol  Hernandez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:          Cristal Marmol H

Date / Fecha:              4 de marzo 2020

*Certified as a minority-owned business in the State of New York*